UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLENN E. SEBRIGHT, | ) | CIVIL ACTION NO. |
| | ) | 1:21-cv-11243 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | PLAINTIFF DEMANDS |
| VETERANS AFFAIRS, | ) | TRIAL BY JURY |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, GLENN E. SEBRIGHT (hereinafter "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint for Declaratory Judgment, and requests this Court to determine and declare Plaintiff's rights and status concerning entitlement to a release of a lien issued by Defendant, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS ("the VA" or "Defendant") and states as follows:

### PARTIES

1.  Plaintiff Glenn E. Sebright is a Navy veteran who resides in DeKalb County in the State of Illinois and receives veterans disability benefits and treatment from the United States Department of Veterans Affairs.

2.  The United States Department of Veterans Affairs is a federal governmental agency, which provides services, including disability benefits, for current and former members of the armed services throughout the United States, located at 810 Vermont Avenue, N.W., Washington D.C. 20420, and currently provides disability benefits to Glenn. E. Sebright.

## JURISDICTION AND VENUE

3.        This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's claims arise under or relate to 42 U.S.C. § 2651, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* Venue in this judicial district is proper under 28 U.S.C. § 1391(c) because, based on information and belief, Defendant has sufficient minimum contacts with this district for purposes of personal jurisdiction.

## STATEMENT OF FACTS

4.        Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201, the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure to determine the parties' rights, obligations, and liabilities under a lien issued by Defendant. Plaintiff seeks a determination as to whether they are entitled to a release of a VA lien for medical bills arising from treatment of injuries indisputably incurred or aggravated due to military service.

5.        Mr. Sebright is a Navy veteran and retired volunteer firefighter who was diagnosed with mesothelioma, which was incurred and/or aggravated by inhaling airborne asbestos particles during his Naval service.

6.        Mr. Sebright served as a machinist mate in the United States Navy during the late 1960s into the 1970s and regularly worked in boiler rooms on various ships where he was constantly exposed to and inhaled asbestos dust, fibers and particles from asbestos-containing products. Mr. Sebright served aboard the USS *Boston* (CA-69), and the USS *Little Rock* (CLG-4), and was continuously surrounded by, and worked with, the following asbestos-containing products and equipment:

| LOCATION | DATES | EXPOSURE |
|---|---|---|
| **USS *Boston*** Boston Naval Shipyard, Massachusetts | 10/1968 - 04/1970 | Asbestos-containing thermal insulation, dry insulation powder, packing, gaskets, piping, and insulation from pumps, valves, and boilers. |
| **USS *Little Rock*** Gaeta, Italy | 09/1974 - 09/1976 | Asbestos-containing thermal insulation, dry insulation powder, packing, gaskets, piping, and insulation from pumps, valves, and boilers. |

7.  On April 19, 2016, Mr. Sebright was diagnosed with mesothelioma. Plaintiff filed two original actions, Civil Action Nos. 19-0564 and 19-0565, in Middlesex Superior Court in Massachusetts state court on February 28, 2019. In both actions, Plaintiff named multiple manufacturers and suppliers of asbestos-containing products that allegedly exposed Mr. Sebright to asbestos dust while working as a machinist mate for the United States Navy from the late 1960s into the 1970s. On March 28, 2019, Civil Action No. 19-0565, was removed to this Court under the Federal Officer Statute, 28 U.S. Code § 1442.[1] All claims were recently resolved in both cases without trial.

8.  Shortly after Mr. Sebright was diagnosed with mesothelioma, Defendant deemed Mr. Sebright's mesothelioma disability **100% service connected**. Although Mr. Sebright was additionally exposed to asbestos after his Naval career, Defendant concedes, as it must, that Mr. Sebright's mesothelioma was incurred or aggravated by his exposure to asbestos in the Navy, and thus his mesothelioma does not constitute a 'non-service-connected' disability.

---

[1] *See Sebright, et al. v. Gen. Elec. Co., et al.*, 1:19-cv-10593-WGY.

9. 42 U.S.C. § 2651 **requires** the VA to provide medical care to Veterans free of charge, with an exception to **non-service-connected disabilities**[2] where a third party is found liable.

10. Neither party disputes that Mr. Sebright's mesothelioma was incurred or aggravated by his exposure to asbestos in the Navy. Consequently, because Mr. Sebright's exposure to asbestos while serving in the U.S. Navy was concededly a causal or aggravating factor in his development of mesothelioma, Defendant is not entitled to reimbursement under 42 U.S.C. § 2651.

11. Nevertheless, on November 15, 2019, Defendant directed a letter to Plaintiff's counsel, asserting a purported lien against Mr. Sebright's tort suit recovery in the amount of $656,521.80.[3] The Ledger of Billed Charges submitted by Defendant detailed Mr. Sebright's treatments, all of which were related to his service-connected mesothelioma or related breathing problems.[4]

12. Although Defendant expressly acknowledged and does not dispute that Mr. Sebright's condition is 100% service-connected, Defendant still asserts it is entitled to reimbursement of Mr. Sebright's treatment at veteran's facilities under 42 U.S.C. § 2651(a) because third-party tortfeasors were also responsible for causing Mr. Sebright's mesothelioma.[5]

---

[2] 38 U.S.C. Section 101(17) ("non-service-connected disabilities "means, with respect to disability or death, that such disability was **not** incurred or aggravated, or that the death did not result from a disability incurred or aggravated" in the line of duty in the active military, naval or air service."); *See also* Dep't of Veterans Affairs, *VA Subrogation – Request VA Medical Bills,* Jun. 30, 2021, (https://www.va.gov/OGC/Collections.asp) (last visited July 20, 2021); 38 U.S.C. § 1729.

[3] *See* Lien Letter and Ledger of Billed Charges, November 15, 2019, attached as Composite Exhibit A.

[4] *See* Exhibit A.

[5] 42 U.S.C. § 2651(a) ("in any case in which a veteran is furnished care or services under this chapter for a non-service-connected disability…, the United States has the right to recover or collect reasonable charges for such care or services (as determined by the Secretary) from a third party to the extent that the veteran (or the provider of the care or services) would be eligible to receive payment for such care or services from such third party if the care or services had not been furnished by a department or agency of the United States.")

The VA purports they are entitled to payment pursuant to 42 U.S.C. § 2651(a) which provides, in part:

> "in any case in which a veteran is furnished care or services under this chapter for a **non-service-connected disability**..., the United States has the right to recover or collect reasonable charges for such care or services (as determined by the Secretary) from a third party to the extent that the veteran (or the provider of the care or services) would be eligible to receive payment for such care or services from such third party if the care or services had not been furnished by a department or agency of the United States."

38 U.S.C. § 1729(a)(1) (emphasis added).

13. Plaintiff's co-counsel responded to Defendant on **June 5, 2020**[6] by providing the applicable statutes, yet Defendant has not provided a response nor a lien release letter to date.[7]

14. Even if the VA lien were appropriate, which it clearly is not, the underlying suit against the various product manufacturers also contained derivative claims for loss of consortium for Mr. Sebright's wife, Suzanne, and loss of parental society for Mr. Sebright's disabled daughter, Caitlin. Portions of all settlements must be attributed to the damages suffered by Mr. Sebright's family, yet the VA has asserted a lien that does not consider the settlement proceeds being attributed to these damages.

## CAUSE OF ACTION

## COUNT I

## DECLARATORY RELIEF

15. Plaintiff incorporates all paragraphs set out above as if fully set out herein.

16. Pursuant to 28 U.S.C. § 2201, the APA, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff seeks a declaration by this Court to release Plaintiff of Defendant's lien as

---

[6] *See* Letter to Defendant, June 3, 2020, attached as Exhibit B.
[7] *See* Email Correspondence from Defendant, attached as Exhibit C.

Defendant is not entitled to reimbursement under 42 U.S.C. § 2651 for treatment related to Mr. Sebright's service-connected disabilities.

17. Defendant has a right of recovery from a tortfeasor that is subrogated to an applicable plaintiff's claim against the tortfeasor.[8] Section 2651 of Title 42, United States Code, provides in pertinent part as follows:

> (a) Conditions; exceptions; persons liable; amount of recovery; subrogation; assignment. In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment (including prostheses and medical appliances) to a person who is injured ... under circumstances creating a tort liability upon some third person ... to pay damages therefore, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured ... person ... has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. The head of the department or agency of the United States furnishing such care or treatment may also require the injured ... person ... to assign his claim or cause of action against the third person to the extent of that right or claim. ..... (c) Veterans' exception. The provisions of this section shall not apply with respect to hospital, medical, surgical, or dental care and treatment (including prostheses and medical appliances) furnished by the Veterans' Administration to an eligible veteran for a **service-connected disability** under the provisions of chapter 17 of title 38, United States Code.

42 U.S.C. § 2651 (emphasis added).

18. Although Section 2651(a) of Title 42 grants the government the right to recover from a third party who is liable for a tortious injury, it grants no right to the government to recover from the injured party directly, nor does it allow the government to recover from funds paid out to the injured individual by the third party.[9] The plain meaning of 42 U.S.C. § 2651 clearly indicates Defendant would not be able to recover from Mr. Sebright directly in this manner.

---

[8] *See* 42 U.S.C. § 2651(a).
[9] *Holbrook v Anderson Corp.*, 996 F.2d 1339, 1341 (1st Cir., 1993).

6

19. Additionally, Section 2651(c) of Title 42 clearly refers to medical services provided by the Veterans Administration to an eligible veteran for a service-connected disability. The VA does not take exception to 42 U.S.C. § 2651(a) through 42 U.S.C. § 2651(e) the Veterans' Exception because Mr. Sebright's complaints of exposure to asbestos are directly related to his time in the service and therefore his complaints are for a service-connected disability. The relationship between the government and its sailors is distinctly federal in nature and is to be governed by federal law. There remains no federal statute or regulation which authorizes the collection of expenses for medical care from a veteran, such care is needs-based and reimbursement required only where the disability is non-service connected.[10]

20. The Federal Tort Claims Act makes the federal government liable "in the same manner and to the same extent as a private individual under the same circumstances" regarding tort claims according to 28 U.S.C. § 2674. However, the government did not intend to have the Federal Tort Claims Act extended to military personnel to bring tort claims suits for military injuries because of the availability of VA reimbursement through Veteran's Benefits.[11] Therefore, the VA's claim that because it is not a defendant in the underlying tort suit, it is owed compensation, is invalid because the government specifically prevents military personnel from bringing tort claim suits for their military injuries.

21. This is laid out in the **discretionary function immunity exception** to the Federal Tort Claims Act which bars claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." (28 U.S.C. §

---

[10] *U.S. v. Harleysville Mut. Cas. Co.*, 150 F. Supp. 326, 331 (4th Cir., 1957).
[11] *Jaffee v. United States*, 663 F.2d 1226, 1239 (3d Cir. 1981).

7

2680(a)). This exception has been held to bar claims based on the VA's negligence in failing to inspect homes for asbestos before sale,[12] government's failing to warn of the risk of asbestos aboard naval ships,[13] the lack of due care by the government in maintaining and constructing asbestos-containing ships,[14] and in the government's failure to develop a policy for asbestos safety in shipyards or any general policy regarding asbestos at all.[15]

22. Under this exception, servicemen are unable to file tort claims against the government during service and their only opportunity to recover depends on VA compensation. Mr. Sebright is entitled to this compensation from the VA because he cannot name them in a federal tort suit and because he suffers from a 100% service-connected disability.

23. Finally, under 42 U.S.C. § 2651, the VA may, under unique circumstances, recover a portion of monies paid for a covered person's medical expenses relative to non-service-connected disabilities, where a third party is found liable. Pursuant to 38 U.S.C. § 101(17), the term non-service-connected disabilities means, "with respect to disability or death, that such disability *was not incurred or aggravated*, or that the death did not result from a disability incurred or aggravated *in the line of duty* in the active military, *naval* or air service."

24. Mr. Sebright's disability does not meet the statutory definition of "non-service-connected" because he presents a "well-grounded claim" that his diagnosis is service-connected. Specifically, Plaintiff presents medical evidence connecting his asbestos exposure during service and his diagnosis of mesothelioma.[16]

---

[12] *Kane v. U.S.* 15 F.3d 87, 88–89 (8th Cir., 1994).
[13] *Sea--Land Service, Inc. v. U.S.A.* (3d Cir., 1990).
[14] *Gordon v Lykes Bros. S.S. Co.*, 835 F.2d 96 ,96 (5th Cir., 1988).
[15] *Shuman v. U.S., 765 F.2d 283, 290* (1st Cir., 1985); *Taylor v. John Crane, Inc.*, 6 Cal. Rptr. 3d 695, 698 (Cal. App. 4th, 2003).
[16] *Murphy v. Derwinski*, 1 Vet. App. 78 (1990).

25. Ultimately, Mr. Sebright's exposure to asbestos outside of his naval service was minimal. Mr. Sebright's exposure, including Mr. Sebright's deposition testimony and medical records, do not establish a causal or substantial link between Mr. Sebright's asbestos exposure outside of his naval service and his mesothelioma diagnosis.

26. Lastly, Defendant fails to provide any medical evidence to substantiate their belief that Mr. Sebright's mesothelioma is non-service-connected. In order to prevail on their claim, Defendant must provide "reasons or bases" for their medical conclusions; "mere statements of opinion" alone will not suffice.[17]

27. Therefore, because Mr. Sebright's injury is not one for which the VA may seek benefits pursuant to 42 U.S.C. § 2651, this Court should release Plaintiff from Defendant's lien.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court order the following equitable and declaratory relief:

   a. Declaratory judgment that, pursuant to the terms of the United States Code, Plaintiff is not obligated to pay for care or services related to Mr. Sebright's service-connected disability;

   b. Declaratory judgment that enumerates Plaintiff's and Defendant's individual rights, duties, and liabilities under the lien with respect to whether or not Defendant is permitted to collect payment;

   c. Remove the lien attributed to Mr. Sebright because, under relevant law, Defendant is not entitled to reimbursement for Mr. Sebright's service-related disabilities; and

---

[17] *Id.*

d. This Court grant such further available relief, including attorneys' fees and costs of this action, as may be just, lawful and equitable.

Dated: July 30, 2021

Respectfully submitted,
The Plaintiff,
By his attorneys

Christopher P. Duffy, Esq.
BBO No. 648402
Duffy Law LLC
Masonic Temple Building
70 Washington Street, Suite 312
Salem, MA 01970
(978) 414-5714
duffy@cpduffylaw.com